JORGE BARTOLOMEI CAMACHO, peticionario, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE SAN JUAN, HONORABLE FRANCISCO ESPINOSA ROBLEDO, JUEZ, demandado; INTERNATIONAL BASIC ECONOMY CORP., interventora.

*Número:* O-67-161     *Resuelto:* 9 de febrero de 1970

*Peñagarícano & Lloveras,* abogados del peticionario; *Fiddler, González & Rodríguez* y *Federico Tilén,* abogados de la interventora.

EL JUEZ ASOCIADO SEÑOR PÉREZ PIMENTEL emitió la opinión del Tribunal.

Expedimos un auto de *certiorari* para revisar la resolución dictada por el Tribunal Superior, Sala de San Juan, en 14 de febrero de 1967, en virtud de la cual se declaró

con lugar una moción para desestimar la demanda, sin perjuicio.

La acción ejercitada emana de las disposiciones del Art. 1483 de nuestro Código Civil.

Dispone dicho artículo:

"El contratista de un edificio que se arruinase por vicios de la construcción, responde de los daños y perjuicios si la ruina tuviere lugar dentro de diez años, contados desde que concluyó la construcción; igual responsabilidad, y por el mismo tiempo, tendrá el arquitecto que la dirigiere, si se debe la ruina a vicios del suelo o de la dirección.

Si la causa fuere la falta del contratista a las condiciones del contrato, la acción de indemnización durará quince años."

En la demanda en este caso se alega que el demandante es dueño de una propiedad que fue construida por la demandada. No se alega ni la fecha de construcción ni la fecha de adquisición de la propiedad por el demandante. Luego se alegan los vicios de construcción existentes en la propiedad así como los daños y perjuicios que ha sufrido el demandante como consecuencia de dichos vicios.

■ Para que el contratista sea responsable es necesario que la ruina por vicios de construcción tenga lugar dentro de diez años, contados desde que concluyó la construcción, excepto cuando la causa fuere la falta del contratista a las condiciones del contrato. De suerte que el dueño de la propiedad no tiene una causa de acción contra el contratista si la ruina por vicios de construcción no tiene lugar dentro del plazo decenal de garantía que fija el citado Art. 1483 del Código Civil. De la ocurrencia de la ruina dentro de ese plazo es que nace la causa de acción del propietario para reclamar daños y perjuicios al contratista. Si en la demanda no se alega, como ocurre en este caso, que la ruina por vicios de la construcción ocurrió dentro de los diez años, contados desde que concluyó la construcción, ni se establecen fechas indicativas de ese hecho, falta uno de los elementos

integrantes de la causa de acción, y la demanda, por tanto, deja de exponer una reclamación que justifique la concesión de un remedio.

No debe confundirse el término legal que para el ejercicio de la acción tenga el dueño del edificio arruinado, con el plazo decenal de garantías. La acción puede prescribir si no se acude en tiempo al tribunal. El otro término, el de los diez años, es uno dentro del cual debe ocurrir la ruina del edificio por vicios de construcción, para que el contratista sea responsable. Vencido dicho término sin que dentro del mismo haya ocurrido la ruina, termina la responsabilidad del contratista por los vicios de la construcción por razón de haber expirado el plazo legal de garantía. Véase, *González* v. *Agostini,* 79 D.P.R. 510 (1956). Para que haya causa de acción debe alegarse en alguna forma, que la ruina por vicios de la construcción ha tenido lugar dentro de los 10 años, contados desde que concluyó la construcción.

Como la demanda en este caso puede ser susceptible de enmiendas, *debe modificarse la resolución recurrida en el sentido de conceder al demandante 10 días para que la enmiende. Así modificada se confirma dicha resolución y se devuelve el caso para ulteriores procedimientos.*

El Juez Presidente Señor Negrón Fernández, no intervino.