COOPERATIVA DE VIVIENDAS VILLAS DE NAVARRA, INC., ETC., demandante y recurrente, *v.* VILLAS DE NAVARRA, INC. y OTROS, demandados y recurridos.

*Número:* R-75-385      *Resuelto:* 31 de marzo de 1976

*Orlando Collado Medina,* abogado de la recurrente; *Ramírez & Segal & Latimer,* abogados de los recurridos.

PER CURIAM: Se plantea en este caso el problema de la responsabilidad por vicios de construcción de los arquitectos hacia compradores de viviendas que no haya contratado con ellos.

La demanda original en este caso se radicó por la Cooperativa de Viviendas Villas de Navarra Inc., ("la adquirente"), que alegó haber adquirido un proyecto de viviendas de la empresa que construyó dicho proyecto ("la constructora"). Se basó la demanda en alegados vicios de construcción de las 28 edificaciones que componen el proyecto, incluyéndose como partes demandadas, entre otras, a la constructora y vendedora, a varios contratistas y a los arquitectos. Los arquitectos demandados-recurridos solicitaron sentencia sumaria ante el Tribunal Superior basándose en que la reclamación de la demanda se funda en el Art. 1483 del Código Civil, (31 L.P.R.A. sec. 4124), y que los demandados no tuvieron relación contractual alguna con la adquirente, sino que hicieron el diseño bajo un contrato con la constructora. En segundo lugar se alegó en la moción de sentencia sumaria que no incurrieron en falla del diseño o la dirección de la obra.

El Tribunal Superior luego de la vista correspondiente dictó sentencia sumaria parcial a favor de los arquitectos demandados-recurridos, en vista de que a su entender el Art. 1483 del Código Civil requiere la existencia de un vínculo jurídico directo entre la adquirente demandante y los arquitectos recurridos. Solicitada la revisión de esta sentencia sumaria parcial por la adquirente, por resolución de 12 de febrero de 1976 emitimos una orden para que la parte recurrida mostrase causa por la cual no deba revocarse la referida determinación del tribunal de instancia.

Se ha establecido en el derecho civil español que la responsabilidad que le impone al arquitecto el Art. 1591 del Código Civil Español, equivalente al Art. 1483 del nuestro, beneficia a cualquier propietario de la construcción, siempre que la acción se inste dentro del plazo señalado por el código. Al efecto se expresa Manresa:

". . . es evidente que el demandante está investido de la acción que le concede el artículo 1101 con carácter general y especialmente el 1591 al señalar la responsabilidad del arquitecto y del contratista en caso de ruina de un edificio durante el plazo de diez años, sin distinguir si la finca ha cambiado o no de propietario." Manresa, *Código Civil Español,* 6ª ed. rev., Tomo X, 1969, pág. 713.

Puig Brutau es también del mismo criterio, señalando que la obligación que impone el Art. 1591 no sólo está establecida a favor del comitente, sino a favor de cualquier propietario del edificio. Puig Brutau, *Fundamentos de Derecho Civil,* Tomo II, vol. II, 1966, pág. 396, nota 11. Castán es de la misma opinión, *Derecho Civil Español, Común y Foral,* 8ª ed., 1956, 491; así como los comentaristas de la obra de Enneccerus, *Derecho de Obligaciones,* 15ª ed. rev. por Lehman, notas de la traducción Española de Blas Pérez González y José Alguer, vol. II, Parte 1ª, 1966, pág. 529. Véase también a Scaevola, *Código Civil,* vol. XXIV, Parte 2ª, 2ª ed., 1951, págs. 101–102. El comentarista sobre derecho civil puertorriqueño, profesor Guaroa Velázquez, se ha unido a esta opinión general. Velázquez, *Responsabilidad por los Defectos en Edificios,* 20 Rev. Jur. U.P.R. 13–31 (1950). El tribunal Supremo de España también ha resuelto esta cuestión del modo antes apuntado. Sentencia de 5 de mayo de 1961 (Esp.).

En el derecho italiano rige la misma regla, disponiéndose en este caso expresamente que el empresario es responsable del comitente y de sus causahabientes. *The Italian Civil Code,* Oceana Publishing, N.Y. 1969, Art. 1969, pág. 419.

La doctrina francesa es también prácticamente unánime al efecto de que el adquirente de un inmueble puede demandar directamente al arquitecto aunque no haya tenido nexos contractuales con él por vicios de la construcción. Véanse las citas de Aubry et Rau, Planiol et Ripert y de muchos otros autores, *Code Civil Annoté*—Ed. Fuzier-Herman, 6.6, 1949, pág. 152.

En *Pereira* v. *I.B.E.C.,* 95 D.P.R. 28, 65 (1967), se sostiene

esta doctrina. Véanse también nuestras expresiones en *Géigel v. Mariani*, 85 D.P.R. 46, 50 (1962) y *Gorbea v. Tribunal Superior*, 104 D.P.R. 138 (1975).

En vista de lo expuesto, *se revocará la sentencia sumaria parcial dictada por el Tribunal Superior.*

El Juez Asociado, Señor Negrón García, concurre en el resultado sin opinión.