GABRIEL MEDINA y OTROS, demandantes y recurridos, *v.* INTERNATIONAL BASIC ECONOMY CORP., demandada y peticionaria.

*Número:* CE-87-94    *Resuelto:* 30 de junio de 1988

*David Carrión Fuentes,* de *Carrión Fuentes,* abogado de la peticionaria; *Juan T. Peñagarícano, Jr.,* abogado de los recurridos.

EL JUEZ ASOCIADO SEÑOR ORTIZ emitió la opinión del Tribunal.

Nos corresponde resolver en este recurso si el Tribunal Superior, Sala de San Juan, incidió al interpretar y determinar que la decisión de este Tribunal en *Rivera v. Las Vegas Dev. Co., Inc.,* 107 D.P.R. 384 (1978), únicamente tiene validez y efectos prospectivos. Al así resolver, rehusó desestimar la demanda por alegados vicios y/o defectos de construcción presentada por cincuenta y dos (52) demandantes luego de transcurridos más de once (11) años desde la fecha en que se adquirieron las propiedades objeto de la acción.

El Art. 1483 del Código Civil, 31 L.P.R.A. sec. 4124, dispone que:

> El contratista de un edificio que se arruinase por vicios de la construcción, responde de los daños y perjuicios si la ruina tuviere lugar dentro de diez (10) años, contados desde que concluyó la construcción; igual responsabilidad, y por el mismo tiempo, tendrá el arquitecto que la dirigiere, si se debe la ruina a vicios del suelo o de la dirección.
>
> Si la causa fuere la falta del contratista a las condiciones del contrato, la acción de indemnización durará quince (15) años.

Luego de analizar la doctrina, en *Rivera v. Las Vegas Dev. Co., Inc.,* supra, resolvimos que dicho artículo establece un plazo decenal único tanto para que surjan los vicios como para interponer la acción legal. Rechazamos expresamente el criterio contrario de que existen dos (2) plazos, uno para que se manifiesten los defectos y otro para

incoar la demanda correspondiente.(¹) Allí utilizamos el razonamiento siguiente:

> En tres ocasiones diferentes este Tribunal se ha expresado a favor de la doctrina del plazo único. En *González* v. *Agostini*, 79 D.P.R. 510, 521, n. 9 (1956), dijimos: "En cuanto a los vicios ocultos . . . el demandante, podrá, de arruinarse el edificio por vicios ocultos de la construcción, reclamar los daños dentro del plazo decenal fijado por la ley." En *Géigel* v. *Mariani*, 85 D.P.R. 46, 50 (1962), citando a Traviesas, Castán y Santamaría, declaramos: "La obligación de indemnizar es una obligación establecida a favor de cualquier propietario que adquiera el edificio, siempre que la reclamación se efectúe en el tiempo que señala el artículo 1483." Reiteramos esta expresión de *Géigel* en *Coop. de Viviendas* v. *Villas de Navarra*, 104 D.P.R. 718, 719 (1976).

> Los propietarios recurridos atacan esta serie de decisiones a base de *Bartolomei* v. *Tribunal Superior*, 98 D.P.R. 495, 497 (1970), donde señaló el Tribunal:

>> "No debe confundirse el término legal que para el ejercicio de la acción tenga el dueño del edificio arruinado, con el plazo decenal de garantías. La acción puede prescribir si no se acude en tiempo al tribunal. El otro término, el de los diez años, es uno dentro del cual debe ocurrir la ruina del edificio por vicios de construcción, para que el contratista sea responsable."

> La única cuestión verdaderamente planteada y resuelta en *Bartolomei* era si en la demanda debía alegarse que la ruina había ocurrido dentro del plazo decenal. Aun así, examinemos cuál debe ser la norma que rige en esta jurisdicción, si la consignada en *González, Géigel* y *Villas de Navarra* o la aludida en *Bartolomei. Rivera* v. *Las Vegas Dev. Co., Inc.*, supra, págs. 386–387.

Luego de un meticuloso examen del derecho comparado sobre esta materia, decidimos que:

---

(¹) Los demandantes recurridos no cuestionan la doctrina seguida en dicho caso. Su único argumento es que, por haberse presentado su acción antes de resolverse *Rivera* v. *Las Vegas Dev. Co., Inc.*, 107 D.P.R. 384 (1978), éste sólo debe tener efectos prospectivos.

Consideramos irreal y poco sabia la teoría de añadirle a un plazo de garantía ya largo de por sí —fijado bajo otras circunstancias en el siglo XIX y conocido desde el Estatuto de Módena de 1327 A.D.— un plazo de quince años para el ejercicio de la acción, conforme el Art. 1864 de nuestro Código. Aun si se quisiese añadir por jurisprudencia tan s[ó]lo el plazo de un año, se estaría actuando en contra de la doctrina repetidamente enunciada por este Tribunal desde 1956, con la posible excepción de *Bartolomei*, y, aún más grave, tendría que construirse la nueva doctrina sobre la endeble base de que la acción en estos casos es de naturaleza cuasidelictual. Véanse: Sánchez Fontáns, *El Contrato de Construcción*, Montevideo, vol. II, 1953, págs. 241–242; *González* v. *Agostini*, 79 D.P.R. 510, 518 (1956). La aconsejable tarea de modernizar nuestro código, utilizando el método de la creación de tres plazos al modo italiano, el portugués, el que ilustra el nuevo proyecto francoitaliano de Código de Obligaciones u otro análogo, está por necesidad en manos de la Asamblea Legislativa.

Se reafirma nuestra posición en *Géigel* v. *Mariani*, 85 D.P.R. 46, 50 (1962) y casos señalados. Se deja sin efecto toda otra expresión en contrario. *Rivera* v. *Las Vegas Dev. Co., Inc.*, supra, pág. 390.

Al así resolver, rechazamos la teoría de la opinión disidente del Juez Asociado Señor Irizarry Yunqué, a la cual se unió el Juez Asociado Señor Negrón García, de que el Art. 1483 (31 L.P.R.A. sec. 4124) establece dos (2) plazos distintos. Más importante aún para los fines del caso ante nos, la mayoría no siguió el análisis de la disidencia, en que discrepaba de la afirmación de la mayoría, al efecto de que en las decisiones en *González* v. *Agostini*, 79 D.P.R. 510 (1956); *Géigel* v. *Mariani*, 85 D.P.R. 46, 50 (1962), y *Coop. de Viviendas* v. *Villas de Navarra*, 104 D.P.R. 718 (1976), este Tribunal se había expresado a favor de la doctrina del plazo único.

No nos cabe duda de que la mayoría en *Rivera* v. *Las Vegas Dev. Co., Inc.*, supra, estimó innecesario pronunciarse expresamente sobre la vigencia prospectiva o retroactiva de

la norma seguida. Ello por razón de que vio claro que la cuestión ya había sido establecida. Por eso afirma que la decisión de *Bartolomei v. Tribunal Superior*, 98 D.P.R. 495, 497 (1970), constituye una excepción de la "doctrina repetidamente enunciada por este Tribunal desde 1956 . . .". *Rivera v. Las Vegas Dev. Co., Inc.*, supra, pág. 390.

Pero los demandantes recurridos tienen un obstáculo mayor que vencer y es el hecho de que aun si fuera correcta su contención de que *Bartolomei v. Tribunal Superior*, supra, varió la norma de *Géigel v. Mariani*, supra, y su progenie, ellos presentaron su demanda en el 1969, o sea antes de la fecha en que se decidió *Bartolomei v. Tribunal Superior*, supra, que fue el 9 de febrero de 1970. Resulta obvio que dicha decisión no puede favorecerlos. Ellos no pueden alegar que actuaron bajo una norma posteriormente adoptada.

Considerado lo anteriormente expuesto, regresemos a la decisión de instancia. El tribunal razonó de la forma siguiente:

> Las demandas en los casos de epígrafe fueron radicadas en 1969 y en ellas se reclama la compensación por vicios y/o defectos de construcción, m[á]s la concesión de daños por angustias y sufrimientos morales.
>
> La parte demandada presentó, en ambos casos, mociones de sentencia sumaria solicitando la desestimación de las demandas por ser de aplicación la doctrina establecida por el Tribunal Supremo en el caso de *Rafael Rivera Rodríguez y María I. Ortiz Meléndez v. Las Vegas Development Co., Inc.*, 107 D.P.R. 384 (1978). En dicho caso se resuelve que el plazo de diez (10) años establecido en el Art. 1483 del Código Civil para la responsabilidad del contratista o empresario de obras por vicios de construcción, es tanto un plazo de garantía — dentro del cual deben surgirlos vicios— como uno de caducidad para radicar la correspondiente causa de acción en daños por vicios ocultos de la obra. También el Tribunal dejó sin efecto la siguiente expresión en *Bartolomei v. Tribunal Superior*, 98 D.P.R. 495, 497 (1970):

"No debe confundirse el término legal que para el ejercicio de la acción tenga el dueño del edificio arruinado, con el plazo decenal de garantías. La acción puede prescribir si no se acude a tiempo al tribunal."

Es un hecho establecido que al radicarse las demandas ya habían transcurrido más de once (11) años desde la fecha de adquisición.

Resolvemos que las demandas de los casos de epígrafe no están prescritas, pues al radicarse las mismas imperaba la doctrina de que el plazo de diez (10) años sólo era uno de garantía, teniendo el reclamante hasta quince (15) años para radicar la causa de acción. Dicha doctrina fue dejada sin efecto en el caso de *Las Vegas Development*, supra.

Reiteradamente se ha resuelto que una variación en el derecho vigente, bien sea en virtud de una enmienda a la ley o por decisiones judiciales, como regla general, tendrá validez y efectos prospectivos. *Daubón Belaval* v. *Srio. de Hacienda*, 106 D.P.R. 400, 408 (1977). Resolución y orden de señalamiento, págs. 001–002.

Repetimos que es errónea la conclusión de que al presentarse las demandas, imperaba la doctrina de que el plazo de diez (10) años sólo era uno de garantía, teniendo el reclamante hasta quince (15) años para presentar la causa de acción. Sencilla y llanamente, esa no era la norma imperante en el 1969.

Ello, a su vez, dispone de la invocación que se hace, sin mayor elaboración, de las expresiones que hicimos en *Daubón Belaval* v. *Srio. de Hacienda*, 106 D.P.R. 400, 408 (1977), en el sentido de que "una variación en el derecho vigente tendrá, como regla general, validez y efectos prospectivos". Repetimos que aquí no estamos ante "una variación en el derecho vigente", ya que las demandas se presentaron antes de decidirse *Bartolomei v. Tribunal Superior*, supra.[2]

---

[2] Lo anterior nos releva de entrar a considerar la interesante polémica sobre cuáles son los criterios a seguir al resolver si una nueva doctrina debe tener

*Se expedirá el auto, se revocará la resolución recurrida y se desestimarán las acciones.*

El Juez Asociado Señor Rebollo López concurre con el resultado sin opinión escrita. El Juez Asociado Señor Negrón García no intervino.

---

efectos prospectivos o retroactivos. Véase, en cuanto a la norma en casos criminales, a *Pueblo v. Delgado Rodríguez,* 108 D.P.R. 196 (1978), en el cual este Tribunal se dividió en votación de cuatro (4) a cuatro (4). Para un examen integral sobre esta problemática, véase R.E. Bernier y J.A. Cuevas Segarra, *Aprobación e interpretación de las leyes en Puerto Rico,* 2da ed. rev., Pubs. J.T.S., 1987, Cap. 23, págs. 191–197. Dentro de ese marco no tenemos que resolver, en este momento, si el hecho de que en Puerto Rico la prescripción es materia sustantiva y no procesal, *Silva Wiscovich v. Weber Dental Mfg. Co.,* 119 D.P.R. 550 (1987), y *Mortensen & Lange v. S.J. Mercantile Corp.,* 119 D.P.R. 345 (1987), impide de forma absoluta darle efectos prospectivos a una nueva norma sobre cuáles son los plazos prescriptivos o de caducidad.