Wang Laboratories Puerto Rico, Inc. e Industrial Risk Insurers, demandantes y recurrentes, *v.* F & R Construction Corp. y otros, demandados y recurridos.

*Número:* RE-93-535          Resuelto: 10 de junio de 1994

*Juan J. Vilella-Janeiro*, del *Bufete Alex González*, abogado de los recurrentes; *Ramón Lloveras Otero*, abogado del recurrido José F. De La Torre; *Jorge L. Suárez*, abogado de los recurridos American Agencies y Universal Insurance Company; *Ramón R. Pizzani Arnott*, de *Latimer, Biaggi, Rachid, Rodríguez-Suris & Godreau*, abogado del recurrido David Mc Closkey Structural Engeneers; *María Eugenia Rodríguez López*, de *Martínez Álvarez, Fernández Paoli, Menéndez Monroig, Menéndez Cortada & Lefranc Romero*, abogada de la recurrida F & R Construction Corporation.

EL JUEZ ASOCIADO SEÑOR FUSTER BERLINGERI emitió la opinión del Tribunal.

Nos toca resolver si bajo el Art. 1483 del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 4124, el antiguo dueño de un edificio tiene derecho a obtener indemnización de quienes lo diseñaron y construyeron por los vicios de construcción del edificio que dicho dueño corrigió antes de venderlo.

## I

El demandante recurrente, Wang Laboratories Puerto Rico, Inc. (en adelante Wang Laboratories) era el dueño de un edificio industrial en Juncos, Puerto Rico, que fue diseñado y construido por los demandados entre 1981 y 1984.

El 18 de septiembre de 1989, durante el paso del huracán Hugo, el techo de dicho edificio se colapsó, causando daños. Ello dio lugar a que Wang Laboratories reclamase a su aseguradora por las pérdidas sufridas a consecuencia del huracán y a que obtuviese de ésta un pago total de $1,837,246.80 por los daños aludidos.

Luego de numerosos trámites judiciales, el 27 de abril de 1993 Wang Laboratories presentó una demanda enmendada[1] contra varias partes que participaron en el diseño y la construcción del edificio en cuestión. Alegó, en esencia: (1) que las pérdidas sufridas en relación con el edificio excedían lo cubierto por la póliza de seguros en la cantidad de $200,000, cantidad que Wang Laboratories se vió obligada a desembolsar para poder reconstruir y reparar completamente los daños sufridos por el edificio, y (2) que los daños sufridos se debían a defectos de diseño y estructurales que tenía el edificio, los cuales fueron puestos al descubierto y precipitados por las lluvias que trajo el huracán Hugo.

---

[1] La demanda fue presentada por Wang Laboratories Puerto Rico, Inc. y por su aseguradora Industrial Risk Insurers, quien alegaba que podía subrogarse en los derechos de su asegurado hasta el monto de lo que dicha aseguradora le había compensado.

Wang Laboratories reclamó, así, el pago del monto de la pérdida en exceso de lo pagado por la aseguradora. Invocó para ello lo dispuesto en el Art. 1483 del Código Civil, *supra*, que establece la responsabilidad decenal del contratista por vicios de construcción.

El 28 de septiembre de 1993, el Tribunal Superior, Sala de San Juan, desestimó la demanda enmendada. En lo pertinente resolvió esencialmente que la causa de acción que establece el Art. 1483 del Código Civil, *supra*, sólo la puede ejercer el dueño actual de la propiedad. Como Wang Laboratories había vendido el edificio en cuestión luego de repararlo, pero *antes de presentar la demanda aludida,* el foro sentenciador entendió que Wang Laboratories no tenía derecho de ejercer la acción decenal porque ya no era el propietario del edificio.

Oportunamente, Wang Laboratories solicitó la revisión de la sentencia aludida. Hizo el señalamiento de error siguiente:

> Erró el Honorable Tribunal de instancia al determinar que Wang Laboratories Puerto Rico, Inc., aquí demandante-recurrente, estaba impedido de recobrar de los demandados por los daños que le causaron a los edificios los vicios de diseño y/o estructurales. Aún cuando dicho demandante en su capacidad de dueño reparó y corrigió dichos defectos.

El 30 de diciembre de 1993 decidimos revisar y expedimos.

## II

El Art. 1483 del Código Civil, *supra*, dispone, en lo pertinente, que:

> El contratista de un edificio que se arruinase por vicios de la construcción, responde de los daños y perjuicios si la ruina tuviese lugar dentro de diez (10) años, contados desde que se concluyó la construcción ....

Como puede observarse, de los propios términos del Art. 1483 del Código Civil, *supra*, no surge quién puede ser titular de la acción que dicho artículo dispone. El tenor de ese artículo sólo preceptúa que el contratista responderá por los daños causados por los vicios de la construcción. *No limita el pago de esos daños solamente al propietario actual del edificio.*

La doctrina civilista ha reconocido que el texto del artículo en cuestión *"no hace distinciones* y ... se limita a regular una responsabilidad por los daños y perjuicios derivados de la ruina del edificio *sin concretar los sujetos activos favorecidos".* (Énfasis suplido.) J. Santos Briz, *La responsabilidad civil: derecho sustantivo y derecho procesal,* 3ra ed. rev., Madrid, Ed. Montecorvo, 1981, págs. 655–656. Véase, también, J. Puig Brutau, *Fundamentos de Derecho Civil,* Barcelona, Ed. Bosch, 1982, T. II, Vol. II, pág. 461. La doctrina reconoce igualmente que el titular legitimado con mayor claridad para dirigirse contra los responsables de los vicios de construcción es el *dueño de la obra,* es decir, la persona que encargó la construcción del edificio. M. Albaladejo García, *Comentarios al Código Civil,* Madrid, Ed. Rev. Der. Privado, 1986, T. XX, Vol. 2; Puig Brutau, *op. cit.,* pág. 461. Finalmente, la doctrina civilista reconoce que puede haber varios titulares de la acción en cuestión, además del dueño de la obra. Así, pues, se admite que están legitimados los sucesores del dueño de la obra, e incluso terceros que hayan sufrido daños a consecuencia del vicio de construcción. Albaladejo, *op. cit.,* págs. 307–320; Puig Brutau, *op. cit.,* págs. 461–466; Santos Briz, *op. cit.,* págs. 653–658. Véase, también, L. Díez-Picazo y A. Gullón, *Sistema de Derecho Civil,* Madrid, 1978, Vol. 2, pág. 343.

■ En nuestra propia jurisprudencia hemos señalado, *de pasada,* sin haber considerado el asunto particu-

larmente, que la obligación de indemnizar que surge del Art. 1483 del Código Civil, *supra*, es "a favor de cualquier propietario que adquiera el edificio", *Géigel v. Mariani*, 85 D.P.R. 46, 50 (1962); que "puede ser ejercida por un comprador subsiguiente", *Gorbea v. Tribunal Superior*, 104 D.P.R. 138, 142 (1975), y que existe para asegurar la reparación íntegra del daño "al dueño y sus causahabientes", *Acevedo Hernández v. Viñas Sorba*, 111 D.P.R. 633, 638 (1981). En ninguna decisión nuestra hemos resuelto que solamente los propietarios actuales del edificio tienen derecho a indemnización.

En *Coop. de Viviendas v. Villas de Navarra*, 104 D.P.R. 718, 720 (1976), consideramos en concreto el problema de la responsabilidad, por vicios de construcción, de los arquitectos con los compradores de viviendas que no habían contratado con ellos. Resolvimos que el adquiriente de un inmueble puede demandar directamente al arquitecto, aunque no haya tenido nexos contractuales con éste, y reconocimos que el Art. 1483 del Código Civil, *supra*, beneficia a "cualquier propietario de la construcción ...". *Coop. de Viviendas v. Villas de Navarra*, supra, pág. 719. Como puede observarse, no resolvimos que dicho artículo beneficia *exclusivamente* al propietario actual.

■ Como se sabe, el referido Art. 1483 establece esencialmente un plazo de *garantía* del edificio construido. *Géigel v. Mariani*, supra, pág. 55; *Rivera v. Las Vegas Dev. Co., Inc.*, 107 D.P.R. 384 (1978); *Federal Ins. Co. v. Dresser Ind., Inc.*, 111 D.P.R. 96, 107 (1981). Se trata principalmente de una disposición de derecho sustantivo que va dirigida a asegurar que el contratista ha de construir edificios sólidos y estables. "La norma tutela no sólo ... el interés privado que nace de una privada convención sino, sobre todo, el interés general de la pública incolumidad y seguridad." Al-

baladejo, *op. cit.*, pág. 277. Se configura una responsabilidad de orden público. Guaroa Velázquez, *Responsabilidad por los defectos en las edificaciones*, 20 Rev. Jur. U.P.R. 13, 24 (1950); *Gorbea v. Tribunal Superior*, supra, pág. 142. Como tal, la norma del Art. 1483 del Código Civil, *supra*, es una que puede ser invocada variablemente por todo aquel que haya sido afectado por su violación. Tratándose de una garantía de orden público es lógico que puedan ampararse bajo ésta todos los que se vean perjudicados por su incumplimiento, en la medida en que hallan sufrido daños. Es evidente por esta razón que el Código Civil no establece quién puede ser titular de la acción dispuesta en el Art. 1483, *supra*. Se da por supuesto que existe una diversa legitimación activa y que pueden invocar la garantía todas las personas que resulten perjudicadas por una construcción que adolece de vicios. Evidentemente es por ello, también, que en la doctrina civilista, según señalamos antes, expresamente se reconoce que pueden ser varios y diversos los titulares de la acción, según sean los intereses particulares de quienes reclaman la garantía aludida.

■ El carácter proteico de la garantía dispuesta en el Art. 1483 del Código Civil, *supra*, lo hemos reconocido ya tácitamente en casos como *González Camacho v. Santos Cruz*, 124 D.P.R. 396 (1989), y *Acevedo Hernández v. C.R.U.V.*, 110 D.P.R. 655 (1981), en el cual consideramos incluso si al dueño de una obra puede, en ocasiones, considerársele como contratista a los fines de estar sujeto a la responsabilidad decenal. *Reconocimos en esos casos, pues, que la responsabilidad que surge del citado Art. 1483 depende de las circunstancias particulares del caso*, cosa que está a tono con la concepción sobre la disposición en cuestión de prestigiosos eruditos civilistas como Mullerat y Puig Brutau. Éstos consideran que "incumbe a la doctrina y a la jurisprudencia interpretar la norma en el sentido

progresivo que permita su eficacia en la actualidad". Puig Brutau, *op. cit.*, pág. 447. Si hemos reconocido el carácter circunstancial de la legitimación pasiva, para darle plena eficacia a la norma aludida, no vemos por qué no debe hacerse igual con la legitimación activa, sobre todo en vista de que esa es la postura de la doctrina civilista sobre el particular y en vista, también, de la naturaleza del derecho en cuestión.

■ De las consideraciones anteriores se desprende con claridad que no existe ningún impedimento jurídico para que el dueño de la obra pueda reclamar indemnización de los responsables por vicios de construcción bajo el Art. 1483 del Código Civil, *supra, aún luego de haber vendido la propiedad*, si fue dicho dueño quien en efecto sufrió los daños resultantes de esos vicios. Por ser la parte perjudicada tendría derecho a la acción dispuesta en la medida de sus propios daños. *Así ha sido expresamente reconocido en la doctrina civilista*. Albaladejo, *op. cit.*, págs. 308–312. Así lo admitió también el Tribunal Supremo de España en una sentencia de 26 de noviembre de 1984. En ese caso, los compradores de los pisos de un edificio reclamaron extrajudicialmente del anterior dueño de la obra, quien se los había vendido, para que realizaran determinadas reparaciones y corrigieran los vicios ruinógenos que habían aparecido en dichos pisos. El anterior dueño de la obra, a su vez, demandó al contratista. El Tribunal Supremo español eventualmente resolvió que el antiguo dueño de la obra podía actuar contra el contratista, a fin de conseguir una cantidad suficiente para efectuar las reparaciones necesarias o el importe de las reparaciones que hubiese tenido que efectuar. Expresamente resolvió el Tribunal Supremo de España:

> Que con independencia de la legitimación de que está investido el adquiriente de una vivienda o edificación para exigir ... del contratista que la haya construido la responsabilidad en que haya incurrido ... por vicios de la construcción, es indudable

que también está legitimado dicho adquiriente para reclamar contra el vendedor por los vicios ... y esta legitimación pasiva del vendedor frente a los compradores supone, en principio, la activa para dirigirse contra ... los constructores con quienes contrató la edificación ....

### III

Tanto el foro de instancia, como los recurridos, descansan en *González v. Centex Const. Co., etc.*, 103 D.P.R. 82 (1974), como fundamento para sostener que el antiguo dueño de una obra no puede demandar bajo el Art. 1483 del Código Civil, *supra*. En dicho caso, los dueños de una vivienda demandaron al constructor-vendedor de ésta por los distintos defectos de que dicha vivienda adolecía. El tribunal de instancia declaró con lugar la demanda y le concedió a los demandantes $6,000 para la reparación de los defectos de la vivienda; $300 por los daños morales sufridos por los vicios de construcción, conforme lo resuelto antes en *Pereira v. I.B.E.C.*, 95 D.P.R. 28 (1967), y $906 por los gastos de la inversión efectuada por ellos en dicha casa. En revisión, confirmamos las partidas por daños morales e inversión, y añadimos otra partida de $1,518 a favor de los demandantes por la pérdida del uso de la vivienda debido a los defectos que tenía. Sin embargo, negamos los $6,000 para reparaciones *porque al momento de dictarse la sentencia de instancia la casa ya no pertenecía a los demandantes.* La vivienda había sido ejecutada por el acreedor hipotecario mientras transcurría el pleito y, por ello, los demandantes, antiguos dueños al dictarse la sentencia, ya no podían llevar a cabo la reparación de la casa. Ello le correspondía entonces a sus nuevos titulares, por lo que resolvimos allí también que éstos podían oportunamente incoar la acción decenal contra el constructor demandado.

Como puede observarse, nuestra decisión en *González v. Centex Const. Co., etc.*, supra, no es, en absoluto, un impe-

dimento a la acción de un antiguo dueño bajo el Art. 1483 del Código Civil, *supra*. Por el contrario, del modo en que resolvimos en dicho caso reconocimos tácitamente que el antiguo dueño *sí* puede obtener indemnización al amparo del citado Art. 1483, pero sólo por los daños que realmente haya sufrido ese antiguo dueño. *Dividimos allí la indemnización que ha de ser otorgada conforme los respectivos intereses de los perjudicados*, que es, como ya hemos señalado, lo que correctamente debe hacerse según la doctrina civilista contemporánea y según la naturaleza jurídica de la norma en cuestión.

## IV

Con arreglo a los señalamientos antes expuestos, es claro que Wang Laboratories tenía derecho a reclamar bajo el Art. 1483 del Código Civil, *supra,* los daños propios que hubiese sufrido por vicios de construcción. Como dueño original del edificio en cuestión, si tuvo que pagar adicionalmente para hacerle reparaciones por defectos que eran responsabilidad del contratista o del que diseñó el edificio, y esos costos no se le han reembolsado, tiene derecho a la indemnización correspondiente por parte de éstos. Nótese que, en estas circunstancias, los nuevos adquirientes obtuvieron el edificio *ya reparado*, por lo que no quedan afectados sus propios intereses. Si existiesen otros defectos, o las reparaciones en cuestión no fuesen adecuadas, los dueños actuales tienen a su disposición las causas que sean procedentes, según las circunstancias del caso. *González v. Centex Const. Co. etc.*, supra, págs. 85–86.

Por los fundamentos expuestos, *se dictará sentencia revocatoria de la de instancia, en lo que a la reclamación de Wang Laboratories se refiere, que ordene que continúen los procedimientos "a quo" conforme lo aquí resuelto.*

El Juez Asociado Señor Rebollo López concurrió sin opinión escrita. El Juez Asociado Señor Negrón García se inhibió.