DIMAS ZAYAS ET AL., demandantes y recurridos, *v.* LEVITT & SONS OF PUERTO RICO INC. ET AL., recurrentes.

*Números:* RE-89-397
RE-89-457

*Resueltos:* 9 de diciembre de 1992

102

*Maritza I. Munich*, abogada de la recurrente; *H. Febus Bernardini, Efraín Maceira Ortiz y Héctor Lugo Bougal*, abogados de la parte recurrida; *Victoria Pierce y José Denis Rodríguez Morales*, abogados del Municipio de Ponce y Fénnix de Puerto Rico, en comparecencia especial limitada.

El JUEZ PRESIDENTE SEÑOR ANDRÉU GARCÍA emitio la opinión del Tribunal.

En el presente caso comparecen ante nos tanto la parte demandante, Dimas Zayas Maldonado y otros, como la parte demandada, Levitt & Sons of Puerto Rico, Inc. (en adelante Levitt) con el fin de que revisemos la Resolución y Sentencia Parcial emitida por el Tribunal Superior, Sala de Ponce (Hon. Tomás Torres Marrero, Juez) el 20 de junio de 1989. En la referida Resolución y Sentencia Parcial, el tribunal a quo le reconoció a los demandantes una causa de acción al amparo del segundo párrafo del Art. 1483 del Código Civil, 31 L.P.R.A. sec. 4124. Luego de analizar la mencionada disposición de ley y la jurisprudencia interpretativa de la misma, revocamos al tribunal de instancia. Concluimos que al amparo de dicho estatuto es esencial probar, en primer lugar, la existencia de un *contrato de arrendamiento de obras* y, en segundo lugar, que se haya violado alguna cláusula o especificación concreta del mismo.(¹)

---

(¹) En el arrendamiento de obras o servicios, una de las partes se obliga a ejecutar una obra o a prestar a la otra un servicio por precio cierto. Art. 1434 del Código Civil, 31 L.P.R.A. sec. 4013.

I

Los demandantes son propietarios de residencias adquiridas entre 1972 y 1973, ubicadas en la Urbanización Las Delicias en el Municipio de Ponce. Como resultado de unos alegados defectos de construcción que según surge de las alegaciones provocaron la ruina de sus residencias,[2] los demandantes instaron acción civil en la que solicitaron una indemnización contra varios codemandados.[3] Fundamentaron sus reclamos en el Art. 1802 del Código Civil, 31 L.P.R.A. sec. 5141 (daños y perjuicios), y en la acción decenal y quincenal dispuesta en el Art. 1483 del Código Civil, *supra* (vicios de construcción).

La codemandada Levitt, mediante unas mociones de sentencia sumaria, solicitó al tribunal de instancia que declarase la caducidad y prescripción de las reclamaciones de los demandantes. Basó su solicitud en que siendo este un caso sobre vicios de construcción, las reclamaciones fueron presentadas expirado el término de diez (10) años provisto en el Art. 1483 del Código Civil, *supra*. El tribunal a quo dispuso la celebración de una vista a los fines de considerar los planteamientos esgrimidos por la codemandada Levitt.

Celebrada la referida vista,[4] el tribunal de instancia desestimó las causas de acción bajo las disposiciones de los Arts. 1483, primer párrafo, y 1802, ambos del Código Civil, *supra*, luego de concluir que ambas causas de acción ha-

---

[2] Se alega en la demanda que la culpa y/o negligencia de los codemandados provocó asentamientos del terreno, ocasionando un surgimiento súbito de grietas, hendiduras y la separación y el desnivel de la tierra. Como consecuencia de lo anterior se produjo el agrietamiento de los pisos, las aceras, paredes, verjas, techos, y el hundimiento de pisos de las estructuras residenciales.

[3] Además de Levitt and Sons of Puerto Rico, Inc., se incluyó como codemandados al Estado Libre Asociado de Puerto Rico, a la Junta de Planificación, a la Administración de Reglamentos y Permisos, al Municipio de Ponce y a la Autoridad de Acueductos y Alcantarillados.

[4] La misma fue señalada para el 9 de mayo de 1989 y concluyó el día 22 del mismo mes.

bían sido presentadas fuera del plazo decenal.([5]) Sin embargo, le reconoció a los demandantes la causa de acción que surge del segundo párrafo del Art. 1483 del Código Civil, *supra*.

Inconformes con la sentencia parcial emitida por el tribunal a quo, recurrieron ante este Foro los demandantes, Dimas Zayas Maldonado y otros, señalando la comisión de tres (3) errores por parte del tribunal de instancia.([6]) De igual forma recurrió la codemandada Levitt alegando la comisión de un solo error.([7])

Este Tribunal, mediante Resoluciones de 10 de agosto y de 5 de octubre de 1989, decidió revisar la referida sentencia parcial. A esos efectos, ordenamos se consolidaran ambos recursos.([8])

Examinemos, en primer lugar, los planteamientos de error hechos por la demandante, Dimas Zayas.

## II

En su primer señalamiento de error, la parte demandante arguye que este Tribunal carece de facultad para

([5]) Cabe destacar que el tribunal a quo únicamente desestimó los casos de los aquí recurrentes, *Dimas Zayas y otros v. E.L.A.* (CS-85-968) y el de *Inés Albert y otros v. Levitt and Sons of P. R.* (CS-85-1982).

([6]) "A. Erró la Sala en receso de tres Jueces Asociados de este Honorable Tribunal al expedir el auto de revisión solicitado por la demandada recurrente Levitt & Sons.

"B. Erró el Honorable Tribunal al no determinar la existencia de una causa de acción por incumplimiento contractual por virtud del contrato de compraventa suscrito por Levitt & Sons, independientemente y en adición a la causa de acción al amparo del segundo párrafo del Artículo 1483 del Código Civil.

"C. Erró el Honorable Tribunal al desestimar la causa de acción en daños y perjuicios al amparo del Artículo 1802 del Código Civil, 31 L.P.R.A. sección 5141." Alegato en revisión, pág. 6.

([7]) "Erró el tribunal al permitirle a los demandantes invocar la cláusula punitiva del segundo párrafo del Artículo 1483." Alegato de la parte demandada recurrente, pág. 6.

([8]) *RE-89-397*: Dimas Zayas y otros (recurrido) v. Levitt & Sons of P. R. (recurrente), y *RE-89-457*: Dimas Zayas y otros (recurrente) v. Levitt & Sons of P. R. (recurrido).

expedir un auto discrecional cuando se encuentra funcionando en salas de tres (3) Jueces.[9] En apoyo a su contención, la demandante cita el último párrafo de la Regla 3(a) del Reglamento del Tribunal Supremo de Puerto Rico, 4 L.P.R.A. Ap. I-A,[10] para concluir que "[e]l lenguaje de la Regla 3(a) es mandatorio al efecto de que todas las solicitudes que requieran la expedición o negatoria *discrecionales* tienen que ser considerad[a]s por el tribunal en pleno y no por una Sala de despacho". Alegato en revisión, pág. 9. Este argumento de la demandante es inmeritorio. Veamos.

■ La facultad de este Tribunal para actuar en salas le es conferida por la Constitución del Estado Libre Asociado. El Art. V, Sec. 4 de nuestra Constitución, L.P.R.A., Tomo 1, ed. 1982, pág. 356, dispone lo siguiente:

> El Tribunal Supremo *funcionará,* bajo reglas de su propia adopción, en pleno o *dividido en salas* compuestas de no menos de tres jueces. (Énfasis suplido.)

Dicho mandato constitucional quedó plasmado en el reglamento adoptado por este Tribunal. La Regla 3(b) del mencionado reglamento provee, en sus partes pertinentes, lo siguiente:

> (b) *Funcionamiento en Salas*
> El Tribunal podrá organizarse *en una* o *más salas* para el despacho de los asuntos civiles y criminales. La sala o salas de despacho no podrán tener menos de tres jueces. ...
>
> . . . . . . . .
>
> Todos los jueces componentes de una sala deberán intervenir en el despacho y decisión de los asuntos sometidos a la misma. *Para la expedición de un auto* se requerirán los votos de por lo menos la mitad de los jueces que intervengan. Las resoluciones

---

[9] Se refiere a la Resolución de 10 de agosto de 1989 emitida por este Tribunal donde se expidió el recurso presentado por la codemandada Levitt.

[10] Dicha Regla 3(a), en su parte pertinente, dispone lo siguiente:
"La expedición y denegatoria de todos los asuntos discrecionales y aquellos otros asuntos que se determine por el Tribunal, serán considerados directamente por el Tribunal en Pleno." 4 L.P.R.A. Ap. I-A.

de sala se identificarán como originadas en la sala que las emite, haciéndose constar los jueces que la componen. (Énfasis suplido.) 4 L.P.R.A. Ap. I-A.

■ Una somera lectura de la anterior regla es todo lo que se necesita para percatarse de la facultad *inequívoca* que posee este Tribunal para funcionar en salas y, así constituido, expedir *cualquier auto*, sea éste discrecional o mandatorio. La única limitación constitucional concierne a la situación en la cual se ha de declarar inconstitucional una ley del Estado Libre Asociado de Puerto Rico,[11] situación que no está presente en el caso de autos.

Cabe destacar que la parte demandante, de manera acomodaticia, recurre al último párrafo de la Regla 3(a) del Reglamento de este Tribunal, *supra*, para apoyar sus argumentos, soslayando el hecho de que dicha regla aplica *únicamente* cuando el Tribunal funciona *en pleno* y no en *salas*, como en este caso.

### III

Pasemos ahora a discutir en conjunto el segundo y tercer señalamiento de error que hace la parte demandante recurrente. En síntesis, impugna la determinación del tribunal a quo de no reconocerle una causa de acción general por incumplimiento de contrato[12] y de daños al amparo del Art. 1802 del Código Civil, *supra*,[13] *en adición* a la causa de acción bajo el Art. 1483 del Código Civil, *supra*. Por las razones que a continuación hemos de exponer, resolvemos que no le asiste la razón al recurrente.

---

[11] En estos casos nuestra Constitución provee lo siguiente:

"Ninguna ley se declarará inconstitucional a no ser por una mayoría del número total de los jueces de que esté compuesto el tribunal de acuerdo con esta Constitución o con la ley." Art. V, Sec. 21, Const. E.L.A., L.P.R.A., Tomo 1, ed. 1982, pág. 356.

[12] Art. 1210 del Código Civil, 31 L.P.R.A. sec. 3375.

[13] 31 L.P.R.A. sec. 5141.

Primero, debemos dejar claramente establecido que el presente caso trata sobre *vicios de construcción*. Así lo dispuso el propio tribunal de instancia al señalar en su sentencia que "[e]n el presente caso los daños que se alegan y reclaman contra la codemandada Levitt son por *vicios en la construcción* de la urbanización de los demandantes ...".([14]) (Énfasis suplido.) Los propios demandantes recurrentes en su escrito ante este Foro así lo confirman, al alegar que "[e]ll incumplimiento contractual de Levitt produjo la *ruina* de las viviendas".([15]) (Énfasis suplido.)

■ Una vez ha quedado establecido el hecho de que en el presente caso la controversia gira en torno a alegados vicios de construcción, corresponde ahora acudir a aquellas disposiciones de ley que de manera *específica* reglamentan este asunto.

■ Como sabemos, nuestro Código Civil contiene una disposición específica que le impone una responsabilidad especial a los profesionales de la construcción por los vicios o defectos de que adolezca la obra construida o supervisada por ellos. Dispone el Art. 1483 del Código Civil, *supra*:

> *Sec. 4124. Responsabilidad del contratista y del arquitecto de un edificio arruinado por vicios de construcción*
>
> El contratista de un edificio que se arruinase por vicios de la construcción, responde de los daños y perjuicios si la ruina tuviere lugar dentro de diez (10) años, contados desde que concluyó la construcción; igual responsabilidad, y por el mismo tiempo, tendrá el arquitecto que la dirigiere, si se debe la ruina a vicios del suelo o de la dirección.
> Si la causa fuere la falta del contratista a las condiciones del contrato, la acción de la indemnización durará quince (15) años.

La citada disposición de ley es la que *gobierna* toda re-

---

([14]) Resolución y sentencia parcial, págs. 4–5.

([15]) Alegato en revisión, pág. 12.

clamación por alegados vicios de construcción que ocasionen la ruina de un edificio.

■ Por otro lado, con el propósito de lograr *uniformidad* en las reclamaciones de esta naturaleza fue que adoptamos en nuestra jurisdicción la *doctrina del plazo único*. Véanse: *Géigel v. Mariani*, 85 D.P.R. 46 (1962); *Coop. de Viviendas v. Villas de Navarra*, 104 D.P.R. 718 (1976); *Rivera v. Las Vegas Dev. Co., Inc.*, 107 D.P.R. 384 (1978); *Medina v. Inter'l Basic Economy Corp.*, 121 D.P.R. 898 (1988); Dicha doctrina predica que cualquier reclamación en daños al amparo del Art. 1483 del Código Civil, *supra, tiene* que ejercitarse dentro del plazo único *de garantía* y *de caducidad* que fija dicho precepto de ley. *González v. Agostini*, 79 D.P.R. 510 (1956). El mencionado artículo provee un plazo único de *diez (10) años* luego de finalizada la construcción, cuando la ruina se deba a vicios de la construcción o del suelo. En aquellos casos en que la causa de la ruina fuera la falta del contratista a las condiciones del contrato de obra, el término será de *quince (15) años*.

En *Rivera v. Las Vegas Dev. Co., Inc.*, supra, pág. 388, expusimos la sabiduría de la doctrina del plazo único en los términos siguientes:

> Se ha criticado la doctrina del plazo único por razón de su rigurosidad. Puede caducar fácilmente la acción si la ruina del edificio ocurre o el vicio se manifiesta a punto de expirar los diez años de garantía. La contestación a este argumento es que la concepción estricta de la responsabilidad decenal como término de garantía y plazo de caducidad para instituir la acción se debe precisamente al deseo de determinar el momento exacto en que expira la responsabilidad, evitando las querellas que pudiesen surgir a gran distancia de la entrega sobre el origen preciso del perjuicio alegado. ... La doctrina del plazo único lo que produce en la práctica es un acortamiento del plazo de garantía, pero tal es la tendencia generalizada en los códigos modernos. La nueva legislación se inclina abrumadoramente a favor de recortar sustancialmente el plazo de garantía, a la par que fija en muchos casos términos de caducidad para la denuncia del vicio y el ejercicio de la acción.

■ En virtud de lo antes expuesto, rechazamos las pretensiones del demandante recurrente de que se les reconozca una causa de acción de naturaleza contractual *separada y distinta* a la del Art. 1483 del Código Civil, *supra*. El acceder a dicho reclamo haría inoperante la regla del plazo único adoptada por este Tribunal. Frente a un reclamo similar como el del demandante en este caso, nos expresamos en los términos siguientes:

> Consideramos irreal y poco sabia la teoría de añadirle a un plazo de garantía ya largo de por sí —fijado bajo otras circunstancias en el siglo XIX y conocido desde el Estatuto de Módena de 1327 A.D.— un plazo de quince años para el ejercicio de la acción, conforme al Art. 1864 de nuestro Código. Aun si se quisiese añadir por jurisprudencia tan solo el plazo de un año, se estaría actuando en contra de la doctrina repetidamente enunciada por este Tribunal desde 1956, ... y, aún más grave, tendría que construirse la nueva doctrina sobre la endeble base de que la acción en estos casos es de naturaleza cuasidelictual. *Rivera v. Las Vegas Dev. Co., Inc.*, supra, pág. 390.

En suma, no se cometieron los errores señalados por la parte demandante recurrente.

## IV

Pasemos por último a considerar el recurso interpuesto por la codemandada Levitt. Ésta señala como único error el hecho de que el tribunal a quo le reconociera a los demandantes una causa de acción al amparo del segundo párrafo del Art. 1483 del Código Civil, *supra*. Entendemos que dicho error fue cometido. Veamos.

El Art. 1483 del Código Civil, *supra*, en su segundo párrafo, dispone que cuando la ruina del edificio fuese a consecuencia de "la falta del contratista a las condiciones del contrato, la acción de la indemnización durará quince (15) años". Dicho precepto de ley ha sido objeto de consideración por este Tribunal en una sola ocasión anterior.

En *Federal Ins. Co. v. Dresser Ind., Inc.*, 111 D.P.R. 96, 108 (1981), expusimos los criterios que deberán estar presentes a los fines de poder invocar el plazo de caducidad de quince (15) años provisto en el segundo párrafo del Art. 1483 del Código Civil, *supra*. Allí señalamos lo siguiente:

> Resolvemos que para poder invocar el plazo de caducidad mayor deberá probarse que la violación a una *cláusula concreta del contrato o sus especificaciones fue la causa directa de la ruina del edificio. La carga de la prueba le corresponde al dueño o legitimado activo.* ... Por tratarse de una *cláusula punitiva*, que tiene el extraordinario efecto de ampliar el plazo decenal, la prueba *no podrá fundarse en simples inferencias* .... La falta del contratista tiene que ser probada por el comitente. (Énfasis suplido.)

Resolvimos, además, que por ser una cláusula punitiva dicho segundo párrafo del Art. 1483 del Código Civil, *supra*, debía aplicarse de forma *restringida*.

Sobre este particular, nos señala Herrera Cátena, aplicado al segundo párrafo del Art. 1483 del Código Civil, *supra*, que "sanciona contravenciones *es[p]ecíficamente contractuales*, constituyendo una 'excepción punitiva' al plazo de garantía establecido en el párrafo 1º. del propio art. 1.591 [equivalente a nuestro Art. 1483]...". J. Herrera Cátena, *Responsabilidades en la Construcción: responsabilidad decenal de técnicos y constructores*, Granada, Ed. Gráficas del Sur, 1983, Vol. 1, Cap. 3, pág. 219. Por su parte, García Cantero reitera que el incumplimiento debe ser *específico*. Además, señala que "no bastaría cualquier clase de incumplimiento, sino el cualificado por su resultado, es decir, por haber originado la ruina del edificio construido; pero dicha ruina ha de provenir ... de la falta del contratista a las condiciones del contrato". G. García Cantero, *La responsabilidad por ruina de los edificios, ex artículo 1.591 del Código Civil,* 16 An. Der. Civ. 1053, 1111 (1963).

Por otro lado, aunque en *Federal Ins. Co. v.*

*Dresser Ind., Inc.*, supra, no se señaló expresamente, resulta prudente que aprovechemos esta oportunidad a los fines de establecer que el "contrato" al que se alude en el segundo párrafo del Art. 1483 del Código Civil, *supra*, se refiere al *Contrato de arrendamiento de obras o de construcción* suscrito entre un contratista y el dueño de la obra.([16]) Esta interpretación que adoptamos en el día de hoy ha sido sancionada por varios comentaristas españoles. Nos dice García Cantero: "Al hablar de 'condiciones del contrato', parece claro que se utiliza un término no técnico... con el que quiere aludirse al *pliego de condiciones del contrato de obra*." (Énfasis suplido.) García cantero, *op. cit.* Por su parte, Del Arco y Pons señalan lo siguiente: "... sin embargo ... esta prorrogación del plazo de garantía por el término común para la prescripción de las acciones personales, responde a la idea de adaptar el *contrato de obra* al tipo básico del art. 1.101 ...." (Énfasis suplido.) M.A. del Arco y M. Pons, *Derecho de la Construcción*, 2da ed., Madrid, Ed. Coimoff, 1980, Cap. XXV, pág. 385. En términos similares se expresa Fernández Hierro al comentar sobre cuando se infringe el segundo párrafo del Art. 1483 del Código Civil, *supra*: "Creemos que siempre que se haya infringido cualquiera de las cláusulas del *contrato de obra* o de los pliegos de condiciones a que haga referencia tales contratos." (Énfasis suplido.) J.M. Ferrández Hierro, *La responsabilidad civil por vicios de construcción*, 2da ed., Bilbao, Pubs. de la Universidad de Deusto, 1977, pág. 155. Véase, además, *Santiago Nieves v. A.C.A.A.*, 119 D.P.R. 711, 719 (1987), y casos allí citados.

---

([16]) En *Constructora Bauzá, Inc. v. García López*, 129 D.P.R. 579–592 (1991), definimos el *Contrato de Construcción* en los términos siguientes:

"En estos casos una parte, generalmente denominada "contratista", se compromete a realizar y entregar una obra o construcción según la misma fue contratada, mientras que la otra parte, el dueño, se obliga a pagar el precio convenido en la forma y el tiempo así pactado. El incumplimiento total o parcial de las prestaciones a las que se han obligado las partes sujetará las mismas a las sanciones que a esos efectos provee el Código Civil."

■ Por lo tanto, además de cumplir con los criterios fijados por este Tribunal en *Federal Ins. Co. v. Dresser Ind., Inc.*, supra, resulta indispensable probar la existencia de un *Contrato de obras o de construcción* para que surja una causa de acción bajo el segundo párrafo del Art. 1483 del Código Civil, *supra*.([17])

En virtud de lo antes expuesto, resolvemos que el tribunal *a quo* incidió al reconocerle a todos los demandantes la causa de acción que surge del referido Art. 1483 del Código Civil. Las siguientes determinaciones de hechos realizadas por el tribunal de instancia avalan nuestra conclusión:

> Aceptaron los demandantes *no contar con ningún contrato de obra* con la demandada Levitt ni tampoco conocer de contrato específico alguno de obra entre dicha parte demandada y otras personas o entidades ....
> En este caso los demandantes aceptaron y reconocieron que no cuentan *con contrato alguno de obra* con la codemandada Levitt.([18]) (Énfasis suplido.)

■ Según señaláramos, el promovente de una causa de acción al amparo del segundo párrafo del Art. 1483 del Código Civil, *supra*, tiene que probar violaciones *concretas y específicas* por parte del demandado a las condiciones del *contrato de obras*. En el presente caso, los demandantes al no poder producir contrato alguno de obra ante el foro de instancia, estaban impedidos de solicitar remedio alguno al amparo del referido artículo.

La decisión de instancia de "hallar una obligación aunque no se haya expresado en el contrato de compraventa, meramente por principios de razón y justicia", contraviene

---

([17]) "En el párrafo 2 del 1.591 expresamente se prevé que la responsabilidad surge cuando la causa de la ruina fuese la falta del contratista a las condiciones del contrato, en cuyo caso *habría que traer al proceso este contrato*." (Énfasis suplido.) M. Albaladejo, *Comentarios al Código Civil y compilaciones forales*, Madrid, Ed. Rev. Der. Privado, 1986, T. XX, Vol. 2, pág. 279.

([18]) Resolución y sentencia parcial, págs. 4 y 7.

los criterios fijados por este Tribunal en *Federal Ins. Co. v. Dresser Ind., Inc.*, supra.[19]

## V

Por los fundamentos anteriormente expuestos, *se modifica la Resolución y Sentencia Parcial emitida por el Tribunal Superior, Sala de Ponce, a los fines de revocar aquella parte de la sentencia que le reconoció a los demandantes una causa de acción al amparo del segundo párrafo del Art. 1483 del Código Civil, supra. Así modificada, se confirma.*

*Se devolverá el caso para que continúen los procedimientos a tenor con lo resuelto en el día de hoy.*

El Juez Asociado Señor Negrón García disintió sin opinión escrita de las Partes III y IV de la opinión. El Juez Asociado Señor Hernández Denton se inhibió. El Juez Asociado Señor Fuster Berlingeri concurrió con las Partes I, II y IV de la opinión mayoritaria, pero disintió en cuanto a la Parte III de ésta por no estar conforme con la llamada "doctrina del plazo único". También, coincidió con la posición disidente de los Jueces Irizarry Yunqué y Negrón García en *Rivera v. Las Vegas Dev. Co., Inc.*, 107 D.P.R. 384, 391 (1978).

---

[19] Cabe destacar que los demandantes recurrentes únicamente produjeron ante el tribunal *a quo* un contrato de compraventa que ni siquiera estaba suscrito por éstos. De dicho contrato fue que el tribunal de instancia adujo que existía una obligación *implícita* de Levitt con los demandantes.