# 2001 DTA 173

**TRIBUNAL DE CIRCUITO DE APELACIONES**
**CIRCUITO REGIONAL IV DE AGUADILLA-MAYAGUEZ**
**PANEL I**

EDWIN LA TORRE MENDEZ, DEBORAH Y LA SOCIEDAD DE GANANCIALES
POR ELLOS COMPUESTA
Demandantes-Recurrentes

v.

RUBEN DAVID VELAZQUEZ VAZQUEZ, PROVIDENCIA NEGRON LUGO Y
LA SOCIEDAD LEGAL DE GANANCIALES POR ELLOS COMPUESTA
Demandantes-Recurridos

Núm. KLAN-2001-00235

San Juan, Puerto Rico, a 23 de mayo de 2001

Panel integrado por su Presidenta, la Juez López Vilanova,
el Juez Córdova Arone y la Juez Feliciano Acevedo

Feliciano Acevedo, Jueza Ponente

## TEXTO COMPLETO DE LA SENTENCIA

Los apelantes, el señor Edwin La Torre Méndez, su esposa la señora Deborah La Torre y la sociedad legal de gananciales compuesta por ambos, solicitan la revocación de la sentencia sumaria dictada por el Tribunal de Primera Instancia, Sala Superior de Mayagüez, el 2 de febrero de 2001. Mediante dicho dictamen, el Tribunal desestimó la demanda sobre responsabilidad del contratista por vicios de construcción incoada por éstos contra Rubén David Velázquez Vázquez, su esposa Providencia Negrón Lugo, la sociedad legal de gananciales compuesta por ambos, Roberto García Alicea, Sylka Velázquez Negrón y la sociedad legal de gananciales compuesta por ambos y Sylvia María Velázquez Negrón.

Examinadas las posiciones de las partes, los documentos que obran en el expediente y el derecho aplicable, procede confirmar la sentencia en controversia.

I

El 3 de septiembre de 1993, Edwin La Torre Méndez, su esposa Deborah La Torre y la sociedad legal de gananciales compuesta por ambos presentaron demanda sobre *Responsabilidad de Contratista por Vicios de Construcción* contra los demandados-recurridos, Rubén David Velázquez Vázquez, su esposa Providencia Negrón Lugo, la sociedad legal de gananciales compuesta por ambos, Roberto García Alicea, Sylka Velázquez

Negrón y la sociedad legal de gananciales compuesta por ambos y Sylvia María Velázquez Negrón. Alegaron en su demanda que la propiedad que adquirieron por compraventa, mediante Escritura Pública Número 62, otorgada el 16 de junio de 1992, de los demandados Roberto García Alicea, Sylvia María Velázquez Negrón y Sylka Velázquez Negrón, sufría vicios de construcción que estaban ocultos al momento de la compraventa, que las obras se construyeron con conocimiento de que se estaban violando las normas y reglamentos de construcción vigentes y se actuó de mala fe y con perjuicio del orden público. La propiedad que adquirieron consistía de un solar y tres estructuras enclavadas construidas en bloques, madera y zinc.

Como respuesta a ello, los codemandados Roberto García Alicea, Sylvia Velázquez Negrón y Sylka Velázquez Negrón presentaron una solicitud de sentencia sumaria, el 11 de junio de 1995, en la cual alegaron que la causa de acción contra ellos estaba prescrita, por razón de que el término prescriptivo para demandar a los vendedores por vicios ocultos era de seis (6) meses y la demanda se radicó al año siguiente de efectuada la compraventa. El Tribunal de Primera Instancia dictó sentencia parcial desestimando la demanda contra estos codemandados. Este Tribunal confirmó dicha sentencia y el caso continuó contra los restantes codemandados, Rubén Velázquez Vázquez, Providencia Negrón Lugo y la sociedad legal de gananciales compuesta por ambos.

Así las cosas, los demandados-recurridos presentaron una *"Moción Solicitando Sentencia Sumaria"*, el 5 de octubre de 2000. En su escrito señalaron que no existía controversia en torno a los siguientes hechos relevantes:

*"1. Los demandantes aceptan que el demandado Rubén David Velázquez Vázquez construyó las estructuras que formaban parte del inmueble a la fecha que los demandantes compraron la propiedad.*

*2. Que las estructuras se construyeron con la cooperación económica de las codueñas del terreno Sylka y Sylvia Velázquez Negrón y del demandado, para el uso de toda la familia y sin la intención de vender la propiedad.*

*3. En 1984, el demandado construyó una casa terrera la cual utilizó junto a su familia como residencia hasta 1989. Esta casa se construyó por etapas con la ayuda de dos empleados. En 1989, la Administración de Reglamentos y Permisos (A.R.P.E.) concedió el permiso para la ampliación de la segunda planta. La misma se construyó bajo la supervisión de ingenieros. La planta terrera se convirtió en una tienda de "Auto Parts" y la segunda planta en vivienda.*

*4. Entre 1987 y 1988, se construye otra ampliación para crear un local de gomera y otros usos. Según lo declarado por el demandado, él alquilaba los locales comerciales y con la renta pagaba un préstamo que obtuvo para realizar las mejoras y el cual sus hijas le ayudaban pagar.*

*5. El demandado y su esposa vivieron en la propiedad durante siete años y la propiedad estaba en buenas condiciones.*

*6. Según la declaración del demandado, éste no se dedica a la construcción. No hay prueba de que es ingeniero, arquitecto, profesional de la construcción, desarrollador de proyectos de vivienda o que se dedique al negocio de la construcción. No actuó como urbanizador, constructor profesional o promotor de vivienda.*

*7. El demandado construyó las estructuras para beneficio suyo y de su familia en una empresa familiar y no medió relación contractual alguna entre ellos."*

En su solicitud y como cuestión de derecho, los demandados destacaron que los demandantes reclamaron por vicios de construcción y que solicitaban remedio al amparo del artículo 1483 del Código Civil, y que resulta que la causa de acción que éstos invocan carece de reclamación que justifique la concesión de los remedios solicitados porque los demandados no son profesionales de la construcción como requiere este artículo del Código Civil.

Los demandantes presentaron su escrito de oposición, en el cual expresaron que está en controversia la titularidad del inmueble y de las estructuras cuyos vicios de construcción se reclaman y que no procede que se dicte sentencia sumaria porque la titularidad es elemento esencial del binomio dueño-constructor-vendedor.

El 2 de febrero de 2001, el Tribunal de Primera Instancia declaró con lugar la referida solicitud y desestimó así la demanda. Al serles desfavorable la determinación, los demandantes acudieron ante este Tribunal.

## II

Estos señalan en su escrito de apelación, que erró el foro de primera instancia al declarar con lugar la moción de sentencia sumaria cuando en el presente caso existe controversia en cuanto a si los demandados responden a los demandantes bajo la doctrina del dueño-constructor-vendedor expuesta en *González Camacho v. Santos Cruz*, 124 D.P.R. 396 (1989). Al mismo tiempo, insisten en que los demandados responden por vicios ocultos bajo la doctrina del dueño-constructor-vendedor.

Las reclamaciones del demandante-apelante están basadas en una acción de vicios ocultos bajo el artículo 1483 del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 4124. El Tribunal Supremo ha determinado que el artículo 1483 hay que interpretarlo en armonía con el artículo 1434 sobre arrendamiento de obras. *Constructora Bauzá v. García López*, 129 D.P.R. 579, 591 (1991). El artículo 1483, *supra*, dispone que el contratista de un edificio que se arruinase por vicios de la construcción, responde de los daños y perjuicios si la ruina tuviere lugar dentro de diez (10) años, contados desde que concluyó la construcción. Igual responsabilidad, y por el mismo tiempo, tendrá el arquitecto que la dirigiere, si se debe la ruina a vicios del suelo o de la dirección. Si la causa fuere la falta del contratista a las condiciones del contrato, el término para presentar la acción de indemnización es de quince (15) años. El artículo 1434, *supra*, dispone que el arrendamiento de obras es esencialmente uno de trabajo, mediante el cual una de las partes se encarga de hacer una cosa para la otra, mediante un precio convenido entre ellos. El contrato de obras es uno de carácter consensual, bilateral y oneroso cuyos elementos característicos son la obra a realizarse y el precio. *Constructora Bauzá v. García López, supra*, pág. 592.

En el régimen de la responsabilidad decenal existe una presunción rebatible de culpa por parte de todo interventor en el diseño y en la construcción de la obra. *Acevedo Hernández v. Viñas Sorbá*, 111 D.P.R. 633 (1981). Según este enfoque doctrinario, la responsabilidad final del binomio dueño-contratista dependerá de las peculiaridades de su intervención, la naturaleza de la construcción y su conocimiento de que la obra adolecía de graves defectos. *Acevedo Hernández v. C.R.U.V.*, 110 D.P.R. 655, 662 (1981); *González Camacho v. Santos Cruz, supra*, pág. 400.

El Código Civil de Puerto Rico se orienta hacia la protección del comprador con relación a la responsabilidad decenal. La interpretación más justiciera, compatible con el interés público que late en nuestra legislación, es que de probarse que los hechos conforman la llamada figura del dueño-constructor-vendedor, puede imponerse responsabilidad decenal si se demuestra la intención o se realiza una venta inmediata. *González Camacho v. Santos Cruz, supra*, pág. 402. Como sabemos, nuestro Código Civil contiene una disposición específica que le impone una responsabilidad especial a los profesionales de la construcción por los vicios ocultos o defectos que adolezca la obra construida o supervisada por ellos. *Dimas Zayas y otros v. Levitt & Sons of Puerto Rico, Inc.*, 132 D.P.R. 101, 108 (1992). El Tribunal Supremo ha aplicado el artículo 1483 solamente a personas o entidades que se desempeñen como profesionales de la construcción. Veáse *Constructora Bauzá Inc. v. García López, supra; Dimas Zayas y Otros v. Levitt & Sons of P.R., supra; Santiago Nieves v. ACAA*, 119 D.P.R 711 (1987); *Federal Ins. Co. v. Dresser Ind. Inc.* 111 DP.R. 96 (1981). En *Acevedo Hernández v. Viñas Sorbá, supra*, pág. 637, el Tribunal Supremo determinó que la Asociación de Maestros no respondía como promotor, pues para ello resultaba necesario que fuese un profesional de la construcción, que se dedique usualmente al negocio de urbanizar o hacer construir para otros.

Como vemos, la parte querellante debe establecer que la causa de la ruina se debe a vicios de construcción

para que se active la presunción de culpa del contratista contenida en el artículo 1483, *supra*. Activada dicha presunción correspondería al contratista demostrar mediante preponderancia de la prueba que la causa de la ruina es otra no imputable a él. *Rivera v. A. & C. Development*, Op. de 26 de noviembre de 1997, **97 J.T.S. 143.**

La Regla 36.3 de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 36.3, autoriza que se dicte sentencia sumaria si las alegaciones, deposiciones, contestaciones a interrogatorios y admisiones ofrecidas, en unión a las declaraciones juradas, si las hubiere, demostraren que no hay controversia real sustancial en cuanto a ningún hecho material y que como cuestión de derecho debe dictarse sentencia sumaria a favor del promovente.

El propósito de la sentencia sumaria es aligerar la tramitación de un caso, permitiendo que se dicte sentencia sin celebrar una vista en los méritos, cuando surge de documentos no controvertidos que no existen controversias de hechos, sino que lo que resta es aplicar el derecho. *Neca Mortgage Corporation v. A & W Developers, S.E.*, 137 D.P.R. 860, 869 (1995); *PZF Properties Inc. v. General Accident Insurance Company*, 136 D.P.R. 881 (1994). Si los hechos no están en controversia y el pleito sólo presenta una cuestión de derecho, está en orden disponer del asunto mediante sentencia sumaria. *Tello Rivera v. Eastern Airlines*, 119 D.P.R. 83, 86 (1987).

Se exige que la parte promovente en una moción de sentencia sumaria demuestre que no hay controversia real sustancial en cuanto a ningún hecho material y que procede dictarse sentencia a su favor como cuestión de ley. La parte opositora viene obligada, entonces, a poner en controversia los hechos presentados por el promovente. *Pilot Life Insurance Company v. Crespo Martínez*, **94 J.T.S 104**, pág. 21. Como regla general, para derrotar una moción de sentencia sumaria no basta con la presentación de meras alegaciones; hay que presentar contradeclaraciones juradas y documentos que creen una genuina controversia sobre hechos materiales sustanciales. *Audiovisual Language v. Sistema de Estacionamiento Natal Hermanos*, Op. de 15 de diciembre de 1997, **97 J.T.S. 147.**

## III

Los apelantes alegan que existe una controversia que no permite que se confirme la sentencia sumaria. La misma se refiere a la sentencia dictada por el Tribunal Supremo de Puerto Rico, el 7 de diciembre de 2000, en el caso de *Roberto García y otros v. Edwin Latorre Méndez y otros*, sobre Ejecución de Hipoteca. El Tribunal Supremo ordenó que se devolviera el caso al foro de Instancia para que en juicio plenario se determinara quién era el acreedor del pagaré hipotecario otorgado por los demandados a favor de Rubén Velázquez Vázquez. De la sentencia surge que se cumplieron con todos los requisitos para la validez del contrato de hipoteca como consecuencia de la transacción de compraventa realizada y que los propietarios tenían la libre disposición de los bienes, lo que significa que no hay controversia sobre quiénes eran los dueños del inmueble al momento de la compraventa, sino que se determine quién es el acreedor hipotecario, en vista de que el pagaré se suscribió a nombre del señor Velázquez. Esta sentencia no afecta el caso ante nos debido a que el mismo es en referencia a quién es el acreedor hipotecario y no en cuanto a la sentencia sumaria dictada por el foro de Instancia.

Atendido este planteamiento, procedemos a lo siguiente. Surge del análisis de los documentos que obran ante nuestra consideración, que el demandado-apelado Rubén Velázquez no es un profesional de la construcción. De las deposiciones no surge que se dedique al negocio de la construcción, ni existe prueba de que sea ingeniero, arquitecto, promotor, urbanizador o contratista en actividad comercial. El realizó las obras para beneficio propio y de su familia, no hubo un contrato de arrendamiento de obras, ni con su familia, ni con los demandantes. Este vivió en la vivienda durante siete años y no tenía propósito de ganancia con la construcción de las estructuras. La reclamación de los demandantes-apelantes está basada en el artículo 1483. Este se refiere a la responsabilidad del contratista, y como mencionamos anteriormente, la jurisprudencia del Tribunal Supremo ha determinado que este artículo es de aplicación a profesionales de la construcción. El señor Velázquez no es un profesional de la construcción, no se dedica a la construcción, los apelantes no demostraron con prueba lo contrario a este planteamiento; en consecuencia, no existe causa de acción en su contra bajo este artículo.

Ahora nos resta evaluar la aplicación de la doctrina del dueño-constructor-vendedor de *González Camacho v. Santos Cruz*. Para que la misma proceda, es necesario que se realice la construcción con el propósito de venta inmediata según señaláramos en este recurso. En primer lugar, aunque este caso es similar a la presente controversia, es necesario aclarar que el apelado no era el dueño del inmueble. Del expediente no se desprende que el señor Velázquez haya construido en ánimo de venta inmediata. La primera construcción se realizó en 1984 y éste y su esposa vivieron en dicha estructura por alrededor de siete años, las otras estructuras se construyeron entre 1987 y 1988, la segunda planta se realiza en 1989 y éste traslada su vivienda para la misma, mientras que la planta baja se convierte en una tienda de *"Auto Parts"*. Toda estas construcciones se realizaron sin la intención de venta inmediata. La compraventa a los apelantes se realizó en 1992, varios años más tarde de la construcción de las referidas estructuras.

Los apelantes alegan que la venta inmediata surge del hecho no controvertido número uno en el cual el demandado-apelado construyó las estructuras que estaban en el inmueble a la fecha de la compraventa del mismo. Esto no significa que en el año en que se realizó dicha transacción, se construyeron las estructuras. Otro señalamiento que hacen los apelantes es en referencia a la celebración de varios contratos de opción de compra antes de la compraventa. El primero, de 9 de agosto de 1989, se refiere a la finca número 4558, inscrita al folio 161 del tomo 127 de San Germán con cabida de 4.2844. El segundo, de 17 de octubre de 1989, se refiere a la Escritura Número 115, finca número 4558A de San Germán con cabida de 5.8304 cuerdas. La finca objeto de esta controversia es una segregación de esta finca. Si bien es cierto que se celebraron unos contratos de opción de compra, éstos no se ejercieron. La casa terrera se construyó alrededor de nueve años antes de la compraventa, las estructuras de la gomera y usos relacionados se construyeron entre 1987 y 1988, la segunda planta en 1989. Los apelantes no pueden alegar que dichas construcciones se realizaron para éstos; las mismas fueron para el beneficio de la familia de los demandados; se construyó por etapas; las primeras estructuras se realizaron varios años antes de la compraventa, lo que demuestra que no había propósito de venta inmediata. Inclusive en la deposición del apelado, éste indica que con la renta de los locales comerciales pagaba un préstamo que pagaba en conjunto con sus hijas para realizar las mejoras. Por tanto, esto demuestra que no se cumplió con el requisito necesario de la doctrina del dueño-constructor-vendedor.

Los apelantes no pudieron controvertir los planteamientos expuestos en la moción de sentencia sumaria ni en la sentencia del Tribunal de Primera Instancia. En ningún momento su prueba apoyó sus señalamientos de que el apelado sea un contratista, un profesional de la construcción, ni que hubo un contrato de arrendamiento de obras, ni que las estructuras realizadas en el inmueble que adquirieron se construyeron con el propósito de venta inmediata. Al ser esto así, y como bien determinó el Tribunal de Primera Instancia, no existía controversia sobre hecho material y sustancial alguno, que impidiera que este caso se resolviera por la vía sumaria.

A tenor con todo lo anterior, procede confirmar la sentencia dictada por el Tribunal de Primera Instancia.

Lo acordó y manda el Tribunal y lo certifica la Subsecretaria General.

Gladys E. Ortega Ramírez
Subsecretaria General